UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WINKLER,

    Plaintiff,

v.

                                    Case No. 1:20-cv-622

                                    Hon. Hala Y. Jarbou

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

_____/

## ORDER

This is an action for review of the Commissioner of Social Security's denial of Plaintiff's claim for disability insurance benefits. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 22) recommending that the Court affirm the Commissioner's decision. Before the Court is Plaintiff's objections to the R&R (ECF No. 23). For the reasons herein, the Court will grant the objections in part but adopt the disposition in the R&R.

### I. Standard

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Furthermore, as the magistrate judge recognized, this Court's review of the Commissioner's decision "is limited to determining whether the Commissioner applied the proper

legal standards and whether there exists in the record substantial evidence supporting that decision." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224-25 (6th Cir. 2019).

## II. Objections

### A. Citations to the Record

Plaintiff first objects to the magistrate judge's observation that he failed to properly cite the record. (*See* R&R 9.) For instance, when Plaintiff quoted the decision of the administrative law judge ("ALJ") in his brief challenging that decision, he cited "PageID.18." (*See* Pl.'s Br. 5, ECF No. 19.) But PageID.18 is part of Defendant's motion for an extension of time to file the administrative record. (*See* ECF No. 8.) It is not part of the administrative record itself.

In his objections, Plaintiff insists that he cited the record correctly. As evidence, he submits the page that he believes is PageID.18 (*see* ECF No.23-1), but "PageID.18" appears nowhere on that page. Instead, the number "18" is stamped on the page near the bottom. That number is not the PageID number.

> Before Plaintiff filed his brief, this Court specifically instructed the parties as follows:
>
> Any allegation of fact in a brief must be supported by citation to the administrative record by PageID. *The PageID is located in the blue document header of all electronically filed documents*, applied by the electronic case filing system at the time of filing. It is a sequential pagination of the entire District Court record, uniquely identifying each page. . . . *It is imperative that PageID citations are accurate* and appear in the format indicated, as they provide the reviewing judicial officer with an electronic link to the precise page in the record where the evidence is found. Failure to provide proper PageID citations will result in rejection of the brief.
>
> **The court expects strict compliance with these briefing requirements. Requests to exceed the page limitations are not favored, and requests for extensions of time will not be granted except upon a showing of extreme hardship. Failure to adhere to the briefing requirements may result in dismissal of the action or the entry of a default judgment, as appropriate.**

(Notice Regarding Consent & Directing Filing of Briefs, ECF No. 16, PageID.778-779 (italics added).)

2

Plaintiff did not heed these instructions. The numbers he cited are not those located in the blue header of the electronically filed documents in the administrative record. The magistrate judge could have rejected Plaintiff's brief in its entirety because his citations are inaccurate and unhelpful. Similarly, Plaintiff's continued reliance on those citations in his objections is not helpful to this Court.

### B. Plaintiff's Residual Functional Capacity

#### 1. Substantial Evidence

The ALJ determined that Plaintiff retained the ability to perform medium work. The magistrate judge discussed the evidence in the record supporting this assessment. (*See* R&R 6-8.) Plaintiff objects that the magistrate judge "cherry-picked" a "handful of mild or unremarkable findings, many of which are not relevant to Plaintiff's alleged conditions." (Pl.'s Objs. 2, ECF No. 23.) Plaintiff asserts that these references do not constitute substantial evidence in light of the "vast majority of the record referenced by Plaintiff." (*Id.*)

The Court disagrees. The ALJ reviewed and discussed the medical record concerning Plaintiff's degenerative disc disease, fibromyalgia, and rotator cuff tear. (*See* ALJ Dec. 6-9, ECF No. 15-2.) The ALJ also discussed the opinions of two state agency consultants and of Plaintiff's physician, Ronald House. (*Id.* at 9-10.) After conducting this review, the ALJ determined that Plaintiff retained the ability to perform "medium" work, with some limitations. (*Id.* at 5.)

Plaintiff responded to the ALJ's analysis with a string of citations to his medical record, accompanied by no analysis or explanation of those records. (Pl.'s Br. 5, ECF No. 19; Pl.'s Reply Br. 4, ECF No. 21.) His objections to the R&R do not provide any additional insight. It is not the Court's job to make Plaintiff's arguments for him by trying to ascertain the relevant information in those records. More importantly, contrary to Plaintiff's argument, the evidence discussed in the

R&R and relied upon by the ALJ constitutes substantial evidence supporting the Commissioner's decision.

### 2. Medium RFC

Plaintiff argues that a medium residual functional capacity ("RFC") is not consistent with the ALJ's determination that Plaintiff was limited to "occasional stooping and crouching." The magistrate judge concluded that there was no such inconsistency. Plaintiff cites SSR 83-10 and SSR 83-14 in support of his argument. According to SSR 83-10, "[t]he considerable lifting required for the *full range* of medium work usually requires frequent bending-stooping[.]" *Titles II & XVI: Determining Capability to Do Other Work—The Med.-Vocational Rules of Appendix 2*, SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983) (emphasis added). But as noted in the R&R, the ALJ expressly limited the range of Plaintiff's functional capacity. The ALJ did not find that Plaintiff was capable of the "full range" of medium work. Thus, frequent bending and stooping are not required for Plaintiff's RFC.

SSR 83-14 makes a statement similar to the one in SSR-13. *See Titles II & XVI: Capability to Do Other Work—The Med.-Vocational Rules as a Framework for Evaluating a Combination of Exertional & Nonexertional Impairments*, SSR 83-14, 1983 WL 31254, at *5 (S.S.A. 1983) ("[T]o perform the *full range* of medium work as defined, a person must be able to do both frequent stooping and frequent crouching[.]") (emphasis added). It does not aid Plaintiff's argument because it also refers to a "full range" of medium work, which does not apply to Plaintiff. As noted in the R&R, Plaintiff cites no authority indicating that a medium RFC is inappropriate where stooping and crouching is limited. *Cf. Free v. SSA*, 690 F. App'x 394, 395-96 (6th Cir. 2017) (denying disability benefits where the applicant could perform a "limited range of medium work" and could not perform frequent stooping). Plaintiff's argument is not persuasive.

4

### C. Treating Physician Doctrine

In his initial brief to this Court, Plaintiff discussed the opinions of his "treating physician," Dr. House. (*See* Pl.'s Br. 3-7.) Among other things, Plaintiff argued that the ALJ did not give those opinions appropriate weight. The magistrate judge apparently interpreted Plaintiff's statements as arguing that his treating physician's opinions deserved "controlling weight," which is the "treating physician doctrine." (*See* R&R 9-10.)

#### 1. Waiver

The magistrate judge concluded that Plaintiff waived his argument about the treating physician doctrine because he failed to identify his treating physician. (*See* R&R 10.) However, Plaintiff is correct that he identified the treating physician as Dr. House. Thus, the Court rejects Section II.A of the R&R.

#### 2. House's Opinion

The magistrate judge also reviewed the ALJ's assessment of Dr. House's opinions and concluded that the ALJ's reasons for discounting that opinion were legally proper and supported by substantial evidence. (R&R 12.) The Court discerns no error in that analysis. Plaintiff contends that he never raised the treating physician doctrine at all. But even if that is the case, the analysis and end result are the same. Substantial evidence supports the ALJ's conclusions.

In summary, upon *de novo* review, the Court finds that the magistrate judge erred in finding that Plaintiff failed to identify his treating physician and thereby waived an argument regarding the treating physician doctrine. Otherwise, the analysis in the R&R is sound and reaches the correct conclusion.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 23) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 22) is **APPROVED** and **ADOPTED** as the opinion of the Court, except as to Section II.A.

A judgment will enter consistent with this Order.


Dated: January 26, 2022 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE